IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| CHARLES ZELL, | ) | CASE NO.  4:09CV1979 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| JOHN DOE, *et al.,* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Charles Zell, an inmate incarcerated in the Lake Erie Correctional Institution

on an unrelated matter, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983,

against defendants Police Chief John Mandopoulos,[1] the City of Warren, Sergeant Martin Gargas,

Officer Geoffrey Fusco, "John" English ("Mr. English"), and Officers "John Doe" and "Jane Doe."[2]

The Chief of Police, Sgt. Gargas, and Officer Fusco are sued in their official and individual

capacities.  Included in the First Amended Complaint (Doc. 4) as the Fourth Cause of Action is a

state law claim under Ohio Rev. Code § 2921.44 and § 2921.45 against Sgt. Gargas and Officer

Fusco.  Plaintiff also requests that the Court issue an injunction restraining the Chief of Police, the

City, and their agents "from carrying out the misconduct stated in the foregoing in the public's

interest, including prevention of: 1.) Unwarranted arrest, use of force against arrestee, perjury and

---

[1]John Mandopoulos was the original defendant.  He was sued in an official capacity as a public officer. Mandopoulos retired as police chief in April 2009.  Timothy Bowers succeeded Mandopoulos as Chief of Police. Pursuant to Fed. R. Civ. P. 25 (d), Bowers' name has been automatically substituted as a party.

[2]In his original complaint, Plaintiff named Warren Municipal Judge Terry Ivanchak and Warren Mayor Michael O'Brien, whom he dropped from his amended complaint.

deprivation of liberty; 2) Restrain the [Chief of Police, the City, Sgt. Gargas, and Officer Fusco] from engaging in unconstitutional acts."  Doc. 4 at 9.

## Background

The following facts were taken from the amended complaint.  Plaintiff states that on September 6, 2008,  he was attending a KISS tribute concert organized and promoted by Mr. English at the Warren Community Amphitheater (a facility owned by the City of Warren) when he was arrested and thrown in jail for six days as the perpetrator of an assault.  He claims that he was the victim of an attack and assault by other patrons, not the perpetrator.  According to Plaintiff, the over zealous and despotic actions by the police officers violated his constitutional rights.  Sgt. Gargas and Officer Fusco allegedly "relied solely on the statement of the attackers['] friends as the basis for arresting the Plaintiff without an independent investigation."  Doc. 4 at ¶ 23.  Plaintiff alleges a policy or custom of inadequate training or deliberate indifference by the City caused the violation of his rights.  Furthermore, Plaintiff asserts that Defendants acted to undo the harm to him only when surveillance video from security cameras showed that Plaintiff was the victim and not the aggressor.  The criminal charges brought against Plaintiff were subsequently dismissed and he was released from jail.  Plaintiff states that he lost his job as a result of his arrest.

## Analysis

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37

(1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

**A.  42 U.S.C. § 1983**

*1.  City of Warren*

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir.1993).  Clearly set forth, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The Court finds Plaintiff has alleged a city policy or custom that may have violated his constitutional rights for purposes of his *Monell* claim under § 1983.

*2.  Warren Police Officers*

Plaintiff has sued the Chief of Police, Sgt. Gargas, and Officer Fusco in their official and individual capacities.  Official capacity suits are generally only another way of pleading an action against an entity of which an officer is an agent.  *Monell,* 436 U.S. at 690 n. 55; *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009).  In such case, a plaintiff must show that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the city.

3

*Monell,* 436 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989); *Moore v. Chattanooga Police Dept.*, No. 1:08-cv-174, 2008 WL 3896114, at *5 (E.D. Tenn., Aug. 19, 2008).  Again, Plaintiff has adequately alleged a violation of a policy or custom.  Therefore, to the extent Plaintiff seeks to hold the City of Warren liable for monetary damages for the actions of these police officers, the Chief of Police, Sgt. Gargas, and Officer Fusco are dismissed as party defendants in their official capacities.  *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992).

Plaintiff may have a cause of action for false arrest under the Fourth Amendment if he can show lack of probable cause.  *Donovan v. Thames*, 105 F.3d 291, 297-98 (6th Cir. 1997) (citing *Beck v. Ohio,* 379 U.S. 89 (1964)).  "The Supreme Court has held that the test for whether an arrest is constitutionally valid is 'whether, at the moment the arrest was made, the officers had probable cause to make it-whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" *U.S. v. Dotson*, 49 F.3d 227, 229 (6th Cir. 1995) (quoting *Beck*, 379 U.S. at 91)); *Young v. City of Radcliff*, 561 F.Supp.2d 767, 781 (W.D. Ky. 2008).  Whether probable cause to arrest Plaintiff existed is an issue of fact. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 307-09 (6th Cir. 2005).  Therefore, the Chief of Police, Sgt. Gargas, and Officer Fusco will remain as defendants in their individual capacities.

*3.  "John" English*

Plaintiff alleges that Mr. English is "an Event Organizer and Promoter of Social Entertainment called *"Summit Rock Showcase."* Doc. 4 at ¶ 17 (bold and italics in original).  He states that he acted as a private person in concert with the state or local government.  But, he does

4

not allege with specificity what part he played in the incident he claims gave rise to this action. Without such explanation, he has not sufficiently stated a cause of action against him.  The Court will not make any assumptions as to his conduct.  Therefore, he will be dismissed as a party defendant.

## B.  State Law Tort Claims in the Fourth Cause of Action

Plaintiff also appears to assert claims against Sgt. Gargas, and Officer Fusco under Ohio's criminal statutes.  Doc. 4 at ¶ 41.  Plaintiff specifically refers to Ohio Rev. Code § 2921.44 (dereliction of duty) and § 2921.45 (interfering with civil rights).  It is clear that Ohio criminal statutes do not give rise to civil liability.  *Schmidt v. v. State Aerial Farm Statistics, Inc.*, 62 Ohio App.2d 48, 49 (Ohio 6th Dist.Ct.App. 1978) (a separate civil cause of action must be available to bring a civil claim based on a criminal act).  Accordingly, as to these claims that Plaintiff asserts under state law, Sgt. Gargas, and Officer Fusco are likewise entitled to dismissal.

With regard to Plaintiff's request for counsel, it is well-settled that although a criminal defendant has a Constitutional right to representation even if the defendant cannot afford counsel, there is no similar right to counsel in civil litigation.  *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993).

Accordingly, the requests to proceed *in forma pauperis* (Docs. 2 and 8) are granted. Furthermore, the request for appointment of counsel (Doc. 5) is denied.  "John" English is dismissed as a party defendant.  The Chief of Police, Sgt. Gargas, and Officer Fusco are also dismissed in their official capacities.  Finally, the Fourth Cause of Action is dismissed.  This case will proceed solely on Plaintiff's § 1983 claim.  The Clerk's Office is directed to forward the appropriate documents to

the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon Defendants.

IT IS SO ORDERED.


Dated:  March 8, 2010                           /s/  John R. Adams
                                                JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE